

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| KATHY HUNT,<br>　　　　　Plaintiff,<br><br>vs.<br><br>FLOCO FOODS, LLC ,<br>　　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:25-13717-MGL |

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION TO DISMISS,**
**AND RENDERING AS MOOT DEFENDANT'S MOTION FOR EXTENSION OF TIME**

## I.     INTRODUCTION

Plaintiff Kathy Hunt brings this suit against Defendant Floco Foods, LLC, although the complaint mislabels the defendant as Floco Foods, Inc.  The Court has corrected the error in this Order and will direct the Clerk of Court to reflect this correction on the docket.

Hunt filed the suit in the Sumter County Court of Common Pleas, and Floco removed the case to this Court.  The Court has jurisdiction in accordance with 28 U.S.C. § 1332.  Pending before the Court is Floco's motion to dismiss under Fed. R. Civ. P. Rule 12(b)(6).

## II.     FACTUAL AND PROCEDURAL HISTORY

Accepting the facts alleged in Hunt's complaint as true, she was employed by Floco at its grocery store in Sumter, South Carolina, for many years.  On December 18, 2023, she "notified the manager of her store" about the "meat department[']s malpractice of putting the wrong sell by

date on the meats that were sold to the public." Complaint ¶¶ 4-5. Later that day she was "sent home," and "[w]ithin two hours of being home her position was listed online." Complaint ¶ 6. She was then "fired via telephone call." Complaint ¶ 9.

Hunt brings claims in tort for wrongful termination in violation of public policy and under state statute for wrongful "retaliation, discharge, and/or discrimination." Complaint ¶ 11, 15.

Floco filed a motion to dismiss under Rule 12(b)(6). Hunt filed a response in opposition, to which Floco filed a reply.

## III.     LEGAL STANDARD

A party may move to dismiss a complaint based on the plaintiff's "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint[.]" *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a motion to dismiss under Rule 12(b)(6), the complaint must have "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation[,]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a motion to dismiss for failure to state a claim, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). But, the Court need not "accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards*, 178 F.3d at 244.

## IV.    DISCUSSION AND ANALYSIS

Hunt's first claim is for wrongful discharge and retaliation in violation of S.C. Code Ann. § 8-27-20, which she refers to as a "whistle blower's" claim. Complaint ¶ 15. The other is a state common law cause of action for wrongful termination in violation of public policy. The Court will address each in turn.

### A.  Whether Hunt's Statutory Claim Should be Dismissed

In Floco's motion to dismiss, it argues Hunt's statutory whistleblower claim fails as a matter of law because "a claim under that statute is only available to employees of a 'public body'" as defined by statute. Motion at 3. "'Public body' means a department of the State; a state board, commission, committee, agency, or authority; a public or governmental body or political subdivision of the State, including counties, municipalities, school districts, or special purpose or public service districts; an organization, corporation, or agency supported in whole or in part by public funds or expending public funds; or a quasi-governmental body of the State and its political subdivisions." S.C. Code Ann. § 8-27-10(1).

Floco reasons "Plaintiff has not alleged that she was employed by a public body—nor can she, as Floco Foods is a private entity." *Id.* (emphasis omitted). Hunt, in response to the motion, entirely fails to address this statutory argument. The claim has therefore been abandoned. *See Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 n.* (4th Cir. 2014) (noting failure to present legal arguments waives the argument).

In any event, Floco is correct: the statute unequivocally applies only to public employees and is therefore inapplicable to Hunt. *See* S.C. Code Ann. § 8-27-20(a) ("No public body may dismiss . . . an employee of a public body because the employee files a report . . . of wrongdoing."). Therefore, the Court will dismiss this claim.

3

### B. *Whether Hunt's Common Law Claim Should be Dismissed*

Second, Floco argues Hunt's tort claim for wrongful termination in violation of public policy must be dismissed because she had available an adequate statutory remedy of which she failed to avail herself. Motion at 4-5; *see Barron v. Lab. Finders of S.C.*, 713 S.E.2d 634, 637 (S.C. 2011) (explaining a common law claim for wrongful termination in violation of public policy "does not . . . extend to situations where the employee has an existing statutory remedy for wrongful termination").

Again, Hunt fails to address this contention in any way. Her conclusory arguments are nonresponsive. *See, e.g.*, Response at 3 ("South Carolina has long recognized an exception to the at will employment."). Her only plausibly responsive argument is as follows: "The Court has consistently recognized a clear mandate of public policy, where an employee is protected from termination, this was created to protect employees where no other remedy exists." Response at 3. This argument fails to address Floco's clear reference to a remedy that does exist. Motion at 4-5.

Under the federal Food Safety Modernization Act (FSMA), Floco is prohibited from "discharg[ing]" its employees for engaging in protected activity, which includes an employee who "[o]bjected to, or refused to participate in, any activity" reasonably believed to be in violation of the Federal Food, Drug, and Cosmetic Act. 29 C.F.R. § 1987.102.

Here, Hunt could have filed a complaint with the Occupational Safety and Health Administration, which enforces the FSMA, alleging Floco unlawfully retaliated against her by discharging her because of her report to her manager. *See* 29 C.F.R. § 1987.103(a) ("An employee who believes that he or she has been retaliated against in violation of FSMA may file . . . a complaint alleging such retaliation."). If proven, she would have been entitled to "reinstatement [to] her former position, together with the compensation (including back pay and interest)" and

"payment of compensatory damages, including . . . the aggregate amount of all costs and expenses (including attorney and expert witness fees) reasonably incurred."  29 C.F.R. § 1987.105(a)(1).

Because a statutory remedy exists for Hunt's alleged wrongful discharge, her tort claim fails and Floco's motion to dismiss will be granted.  *See Dockins v. Ingles Markets, Inc.*, 306 S.C. 496, 497-98 (S.C. 1992) (applying the rule precluding a wrongful discharge action in tort where the federal Fair Labor Standards Act provided a remedy and stating the rule "applies when the right is created by federal law as well as state law").

## V.     CONCLUSION

In light of the foregoing discussion and analysis, it is the judgment of the Court Floco's motion to dismiss is **GRANTED**.  Accordingly, Hunt's claims are **DISMISSED WITHOUT PREJUDICE**.  Floco's "Motion for Extension of Time to Respond to Plaintiff's Complaint" is **RENDERED AS MOOT**.

The Clerk of Court is directed to correct the docket to identify the defendant as Floco Foods, LLC.

**IT IS SO ORDERED.**

Signed this 29th day of July, 2026, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
